```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
YAROSLAV SURIS,                                             :   **MEMORANDUM**
                                                            :   **DECISION AND ORDER**
                              Plaintiff,                    :
                                                            :   20-cv-1793 (BMC)
             - against -                                    :
                                                            :
GANNETT CO., INC. AND GANNETT                               :
SATELLITE INFORMATION NETWORK,                              :
INC.,                                                       :
                                                            :
                              Defendants.                   :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This Americans with Disabilities Act ("ADA") case is before me on defendants' motion to dismiss. Plaintiff is a legally deaf individual with a hearing disability as defined under the ADA.[1] 42 U.S.C. § 12102(2). Plaintiff requires closed captioning to access audio and audiovisual content. Defendants own, manage, control, and maintain the website for the newspaper USA Today, with the online domain name www.usatoday.com (the "website"). The website offers written news reports and video content on sports, life, money, technology, and travel across its digital, social media, and blog platforms that supplement defendants' printed national newspaper. Plaintiff attempted to watch various videos on the website but was unable to do so due to the videos' lack of closed captioning. Plaintiff brought suit alleging that the website's inaccessibility violates the ADA.

In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "constru[e] the complaint liberally, accept[] all factual allegations in

---

[1] Unless otherwise noted, the below facts are taken from plaintiff's complaint and assumed to be true for purposes of this motion. See Kolbasyuk v. Capital Mgmt. Servs., LP, 918 F.3d 236, 239 (2d Cir. 2019).

the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." Elias v. Rolling Stone LLC, 872 F.3d 97, 104 (2d Cir. 2017) (quoting Chase Grp. All. LLC v. City of New York Dep't of Fin., 620 F.3d 146, 150 (2d Cir. 2010)). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim under this title, a plaintiff must allege that: (1) he is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against him by denying him a full and equal opportunity to enjoy the services the defendant provides. See Camarillo v. Carrols Corp., 518 F.3d 153, 156 (2d Cir. 2008). The parties do not dispute that plaintiff is disabled within the meaning of the ADA. At issue is whether defendants own, lease, or operate a place of public accommodation.

Defendants contend that, as newspaper publishers and operators of a news website, they do not operate a place of public accommodation. The term "public accommodation" is defined under the ADA by an enumerated list of twelve categories of private entities. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104, Appendix C ("In order to be a place of public accommodation, a facility . . . must fall within one of these 12 categories."). Examples include places of lodging, places of entertainment, places of education, and sales establishments. Although a website is not

2

specifically listed among the categories, courts in this Circuit have held that a retailer's website may be covered by the Act. See, e.g., Andrews v. Blick Art Materials, LLC, 268 F. Supp. 3d 381, 393 (E.D.N.Y. 2017) (website of retail chain with brick-and-mortar stores must be accessible under the ADA); Nat'l Fed'n of the Blind v. Scribd Inc., 97 F. Supp. 3d 565, (D. Vt. 2015) (Title III of the ADA covers the website of a company without any physical locations). The Second Circuit has not yet decided the issue, nor offered guidance on whether a website can be a "public accommodation" if a defendant operated no physical space open to the public but nevertheless provided goods or services to the public.

The case at hand does not concern the website of retailer, but rather the website of a newspaper publisher. Plaintiff contends that defendants' website is a place of exhibition and entertainment, place of recreation, and service establishment. The categories of establishments covered by Title III "should be construed liberally" in light of the Act's legislative history focused on affording persons with disabilities equal access to the wide variety of establishments available to the nondisabled. See PGA Tour, Inc. v. Martin, 532 U.S. 661, 676–77 (2001). But even liberally construed, I cannot find that defendants' website falls within any of these categories.

Defendants, the website, and the goods and services provided therein are not a place of exhibition and entertainment like that of "a motion picture house, theater, concert hall, [or] stadium." See 42 U.S.C. § 12181(7)(C). Nor are they a place of recreation like that of "a park, zoo, [or] amusement park." See id. at § 12181(7)(I). And they are by no means a service establishment like that of "a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, [or] hospital." See id.

3

at § 12181(7)(F). Neither a newspaper publisher nor a digital media content provider falls within any of the twelve enumerated places of public accommodation categories under the ADA. See Treanor v. Wash. Post Co., 826 F. Supp. 568, 569 (D.D.C. 1993) ("[T]he ADA specifically lists those private entities that constitute 'public accommodations' for purposes of coverage under the ADA, and newspapers are not included."); Stoutenborough v. Nat'l Football League, 59 F.3d 580, 583 (6th Cir. 1995) (the National Football League and associated media networks are not places of public accommodation). As news website publishers or operators, defendants are also "not sufficiently analogous" to any of the public accommodations listed in the statute to be "deemed to be a public accommodation." See Brown v. 1995 Tenet ParaAmerica Bicycle Challenge, 959 F. Supp. 496, 498 (N.D. Ill. 1997) (organizing group for cycling event not analogous to a place of public accommodation); Torres v. AT&T Broadband, LLC, 158 F. Supp. 2d 1035, 1037 (N.D. Cal. 2001) (provider of digital cable system not analogous to any of the public accommodation categories).

Plaintiff points to defendants' offices, video and television studios, blog facilities, live event locations, internet and website businesses, newspaper publishing facilities, telecommunication and advertising offices, and hosting locations, arguing that these physical facilities operate "in conjunction with its website" and render defendants a place of public accommodation. These various facilities owned and operated by defendants may support the operation of its website, but "the mere fact that [services] [were] organized at the defendants' offices, which presumably are places of public accommodation, is not a sufficient link to support application of the ADA." See Brown, 959 F. Supp. at 499.

Even construing the list of categories liberally, plaintiff has not sufficiently alleged that defendants' goods and services fall within one of the enumerated categories. Because I conclude

4

that defendants' website is not a good or service of a place of public accommodation, the motion to dismiss is granted.

**SO ORDERED.**

                                                    Digitally signed by Brian M. Cogan
                                                    _____
                                                                     U.S.D.J.

Dated:  Brooklyn, New York
         July 14, 2021